IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JANE DOE | ) | No: | 2:21-cv-00075 |
| | ) | | |
| Plaintiff, | ) | CIVIL ACTION | |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| WESTMINSTER COLLEGE, and | ) | | |
| CARLLOS LASSITER | ) | | |
| | ) | | |
| Defendant. | ) | JURY TRIAL DEMANDED | |

## COMPLAINT

Plaintiff Jane Doe[1], by and through her attorneys, SCHMIDT KRAMER, P.C., brings the following civil action Complaint against the Defendant Westminster College (hereinafter "Defendant Westminster"), and Defendant Carllos Lassiter (hereinafter "Defendant Lassiter") and respectfully avers the following:

## NATURE OF THE CASE

This cause of action arises from Defendants' unlawful response to a student-on-student sexual assault against Plaintiff. The Defendants knew that the Plaintiff had been a victim of sexual assault but failed to promptly and appropriately investigate and respond to that sexual assault as required by Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq.* Also included are various state law causes of action against Defendants for their unlawful response.

---

[1] Plaintiff proceeds here under pseudonym consistent with other Federal Courts' treatment of party names in highly sensitive sexual assault cases that arise under Title IX of the Education Amendments, *see Doe v. Moravian College* No. 5:20-cv-00377; attached Exhibit A, and to protect the privacy, safety, and educational opportunities of Plaintiff.

1

## PARTIES

1. Plaintiff Jane Doe is an adult individual residing in the Commonwealth of Pennsylvania, and at the time of the assaults was a student at Defendant Westminster.

2. Defendant Westminster is, upon information and belief, a validly existing institution believed to be a non-profit corporation of an educational nature, with its principle place of business located at 319 Market Street, New Wilmington, Lawrence County, Pennsylvania 16172.

3. At all times material hereto, Defendant Westminster was providing education to Plaintiff at their main campus located at the aforementioned address.

4. Defendant Carllos Lassiter is an adult individual residing at 823 N Grand Avenue, Sherman, Texas, 75090.

5. At all relevant times to this Complaint, Defendant Carllos Lassiter was employed by Defendant Westminster as Vice President for Student Affairs, Dean of Students, and Title IX Coordinator.

## JURISDICTION

6. Defendant Westminster was receiving federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, *et seq*.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 since the litigation involves violations of federal law, including violations of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1982 et seq.

8. Venue lies in the Western District of Pennsylvania under 28 U.S.C. § 1391 as the incidents described herein occurred in the Western District of Pennsylvania.

9. This Court has pendent jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims because they "form part of the same case or controversy."

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. John Doe is the perpetrator of the sexual assaults, details of which are contained herein.

11. Jane Doe 2 was sexually assaulted by John Doe in September 2016, October 2016, and February 2017.

12. Jane Doe 3 was sexually assaulted by John Doe in fall 2018.

13. Plaintiff Jane Doe was sexually assaulted by John Doe on September 6, 2019, and February 28, 2020.

14. Jane Doe 4 was sexually assaulted by John Doe in March 2021.

15. Defendant Westminster College is a private, 4-year, co-ed liberal arts college with an affiliation with the Presbyterian Church, located in New Wilmington, Pennsylvania.

16. In their 2019-2020 Sexual Misconduct Policy, effective at the time of the assaults detailed herein, Defendant Westminster asserts that "[t]he College is committed to addressing sexual misconduct in a manner consistent with applicable law" and that:

> It is also the policy of the College to protect any student filing a complaint alleging sexual misconduct and to ensure the student's safety as necessary, including taking interim steps to protect the student prior to the final outcome of any investigation.

Source: 2019-2020 Sexual Misconduct Policy for Westminster College, attached as Exhibit B.

17. Additionally, Defendant Westminster's details the following for designated staff members:

> Specifically, it is the policy of the College that designated staff members take immediate and appropriate steps to investigate or otherwise determine what happened when the College knows or reasonably should know of possible sexual misconduct. When sexual misconduct is determined to have occurred, the College shall take prompt and effective steps reasonably calculated to end the sexual misconduct, eliminate the hostile environment, prevent its recurrence, and, as appropriate, remedy its effects. All complaints shall be processed in accordance with the procedures established in this policy.

Source: 2019-2020 Sexual Misconduct Policy for Westminster College, attached as Exhibit B.

18. Defendant Westminster expressly provided in the section regarding their Title IX Coordinator that,

> The Title IX Coordinator shall be knowledgeable about other applicable federal and state laws, regulations, and policies that overlap with Title IX. The College shall provide training for the Title IX Coordinator that explains the different facets of Title IX, including regulatory provisions, applicable OCR guidance, and the College's Title IX policies and grievance procedures.

Source: 2019-2020 Sexual Misconduct Policy for Westminster College, attached as Exhibit B.

19. Defendant Westminster also provides that:

> The Title IX Coordinator shall have knowledge of Title IX requirements, of the College's policies and procedures on sex discrimination and of all complaints raising Title IX issues throughout the College. The College shall appropriately train the Title IX Coordinator in all areas over which the Title IX Coordinator has responsibility and ensure that the Title IX Coordinator possesses comprehensive knowledge in all areas over which they have responsibility in order to effectively carry out those responsibilities.

Source: 2019-2020 Sexual Misconduct Policy for Westminster College, attached as Exhibit B.

A. **2018 Events**

20. In the fall of 2016, John Doe, the perpetrator, began his freshman year at Defendant Westminster.

21. John Doe befriended Jane Doe 2, also a freshman, and they began dating.

22. Jane Doe 2 was sexually assaulted by John Doe in September 2016, October 2016, and again in February 2017.

23. John Doe becomes a member of Phi Kappa Tau (hereinafter "PKT") Fraternity.

24. Jane Doe 2 did not report the rapes to anyone employed by Defendant Westminster or any law enforcement agency.

25. At a PKT party in the summer 2018, Jane Doe 2 reveals to PKT President Devin Cheplic that John Doe had sexually assaulted her.

26. After being made aware of his fraternity brother's crimes, Mr. Cheplic contacted a PKT Counsel Member, Brian Hardy.

27. Both Brian Hardy and Devin Cheplic reached out to Defendant Lassiter in fall 2018 regarding the allegations of sexual assault against John Doe.

28. Mr. Cheplic also met with Defendant Lassiter in fall 2018 to discuss John Doe's assaults of Jane Doe 2.

29. Defendant Lassiter worked with Mr. Hardy to remove John Doe from the PKT Fraternity housing and placed him in dormitory housing on Defendant Westminster's campus.

30. At no point in 2018 was any investigation conducted into these sexual assault allegations against John Doe by either Defendant Westminster or Defendant Lassiter.

31. In fall 2018, Defendant Lassiter and Defendant Westminster had actual knowledge of John Doe's propensity for sexual violence on campus.

### B. Plaintiff is accepted to and enrolls at Westminster College

32. Plaintiff was accepted at into Defendant Westminster's nursing program in fall 2017.

33. She was accepted into the UPMC Jameson School of Nursing in spring 2018 and began that curriculum in fall 2018.

34. Plaintiff was part of a dual enrollment BSN program, so she attended both schools simultaneously.

35. Plaintiff commuted to campus her entire college career.

### C. The First Assault

36. Jane Doe and John Doe first met in-person in August 2019.

37. On or about September 6, 2019, Jane Doe went to John Doe's dorm room, located in Eichenaur Hall, to watch The Office.

38. John Doe gave Jane Doe a beverage that she believed to be a Ginger Ale.

39. After a few sips, Jane Doe began to feel lightheaded.

40. John Doe then hit and sexually assaulted Jane Doe.

41. On or about September 24, 2019, Jane Doe spoke with Jane Doe 3, who advised Jane Doe that she had also been sexually assaulted by John Doe on Defendant Westminster's campus.

42. Both Jane Doe and Jane Doe 3 reported the assaults to Resident Advisors on or about September 24, 2019.

43. It is believed and therefore averred that a Residential Life Incident Report was filed and forwarded to Defendant Lassiter regarding Jane Doe and Jane Doe 3's sexual assaults.

44. On September 25, 2019, Defendant Lassiter emailed Jane Doe, asking her to schedule a meeting with him.

45. In the afternoon of September 25, 2019, Jane Doe went to Defendant Lassiter's office to discuss her sexual assault.

46. During this meeting, Defendant Lassiter did not ask about any details regarding the sexual assault.

47. Defendant Lassiter advised Jane Doe that she had three options: (1) no contact order, (2) get the police involved, or (3) a formal investigation at the college.

48. Defendant Lassiter warned Jane Doe that her allegations of sexual assault against John Doe also exposed her to potential civil claims for defamation.

49. Defendant Lassiter then advised Plaintiff Jane Doe that the college could do an internal investigation instead of a formal one, which would insulate her from potential civil claims.

50. Jane Doe became frightened and felt that her only option was to permit Defendant Lassiter and Defendant Westminster to conduct an internal investigation.

51. Defendant Lassiter gave Plaintiff no information about her rights as a victim of sexual assault.

52. Defendant Lassiter did not explain to Plaintiff that, among other things, the college was required to make accommodations for Plaintiff to protect her from ongoing contact with John Doe.

53. Defendant Lassiter did not notify the police, campus safety officers, or anyone else in the college's administration about Plaintiff's sexual assault.

54. Defendant Lassiter did not outline any of the actions that the University could take to protect Plaintiff from harassment from John Doe.

55. Defendant Lassiter did advise Plaintiff Jane Doe of available counseling on campus.

56. Defendant Lassiter did not advise Plaintiff about other mental health, or medical services, both on campus and off campus in the community.

57. Despite his assurances otherwise, Defendant Lassiter never conducted any further investigation into Plaintiff's sexual assault.

58. This was the second time Defendant Lassiter became aware of John Doe's propensity for sexual violence.

59. Defendant Lassiter did not keep any formal records of this meeting, nor did he keep a record of any of the details of the sexual assault.

60. In October 2019, Jane Doe's mother called and spoke to Defendant Lassiter, who again stated that the college was doing an internal investigation.

61. Based on information and belief, that statement was false and no such investigation was occurring.

62. Following the September 25, 2019 meeting, Jane Doe was under the impression that Defendant Lassiter and Defendant Westminster would be conducting an internal investigation into

the sexual assault that did not require her to complete a formal complaint, so she would be insulated from any possible defamation lawsuits.

63. It is believed and therefore averred that at some point in November 2019, Defendant Lassiter ceased working for Defendant Westminster.

64. Upon his departure, the only thing that Defendant Lassiter left behind regarding Jane Doe's assault was the original RA report and a post-it note regarding their September 25, 2019 meeting.

### D. The Second Assault

65. Throughout the rest of 2019 and into the beginning of 2020, John Doe continued to manipulate Plaintiff into believing that he cared for her.

66. At no point in later 2019 or beginning 2020 did Defendant Lassiter or Defendant Westminster contact Plaintiff regarding the September 6, 2019 sexual assault against Plaintiff.

67. On or about February 28, 2020, Plaintiff was sexually assaulted again by John Doe in his dormitory room.

68. Following the February 28, 2020 assault, John Doe continued to manipulate Plaintiff into believing that he was asleep when he raped her.

69. Plaintiff did not report the second assault because she did not want to believe that it was intentional.

70. As a result of John Doe's manipulation, as well as Defendant Lassiter and Defendant Westminster's failure to investigate the sexual assault allegations against John Doe, Plaintiff continued to be involved with John Doe through October 2020.

71. Plaintiff Jane Doe struggled to cope with being the victim of multiple rapes.

72. Plaintiff Jane Doe was unable to sleep, was anxious, lacked the ability to concentrate, and was eventually medicated.

73. Plaintiff Jane Doe was never advised of the status of the college's investigation and did not understand why Defendant Westminster was not taking action.

74. Plaintiff Jane Doe was eligible to sit for the National Council Licensure Examination ("NCLEX") exam, which is required at Defendant Westminster to finish her degree there in nursing in May 2020.

75. Due to the injuries she sustained because of the sexual assaults, Plaintiff Jane Doe has not been able to study and pass her NCLEX exam.

76. Plaintiff Jane Doe would have been able to begin work as a nurse as early as June 2020, had she completed her NCLEX exam.

77. Plaintiff Jane Doe would have then been eligible to graduate from Westminster College as early as May 2021.

78. Plaintiff took a medical leave of absence from Defendant Westminster beginning in January 2021 due to increasing health issues related to her sexual assaults.

79. Currently, Plaintiff Jane Doe has not taken the NCLEX or graduated from Westminster College.

80. Plaintiff brought forth this claim because she learned of a March 2021 rape of another female student committed by John Doe.

## COUNT I
## CLAIM UNDER TITLE IX (20 U.S.C. § 1681 et seq.)
## PLAINTIFF JANE DOE V. DEFENDANT WESTMINSTER COLLEGE

81. Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

82. Title IX, 20 U.S.C. § 1681, provides in subsection (a) that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

83. Defendant Westminster receives federal funds.

84. Plaintiff was subjected to violent sexual attacks as set forth above.

85. Defendant Westminster, through its employees and administrators, including but not limited to Defendant Lassiter, first had knowledge of John Doe's propensity for sexual violence as early as fall 2018.

86. Defendant Westminster, through its employees and administrators, including but not limited to Defendant Lassiter, had actual knowledge of the September 6, 2019 sexual assault of Plaintiff by John Doe on or about September 24, 2019.

87. Defendant Westminster's actions, inactions, and deliberate indifference effectively barred Plaintiff from access to educational opportunities and benefits at Defendant Westminster.

88. Defendant Westminster's actions, inactions, and deliberate indifference subjected Plaintiff to further discrimination, harassment, and an additional sexual assault at the hands of John Doe.

89. Specifically, Defendant Westminster violated Title IX after the sexual assault of Plaintiff by:

   a. Failing to take immediate and appropriate action to investigate or otherwise determine what occurred or, being deliberately indifferent thereto;

   b. Failing to take prompt and effective steps to end the sexual violence and prevent its reoccurrence;

   c. Failing to educate Jane Doe on her options regarding health and psychological care after she was sexually assaulted;

    d. Failing to provide, offer, recommend, or coordinate adequate counseling to Plaintiff after she was sexually assaulted;

    e. Permitting Plaintiff's movement and access to education to be restricted through sexual harassment;

    f. Effectively denying Plaintiff the opportunity to continue her education at Defendant Westminster after the sexual assaults of John Doe; and

    g. Through other actions, inactions, and deliberate indifference.

90. Defendant Westminster violated Title IX before the fall 2019 sexual assault of Jane Doe by:

    a. Failing to take immediate and appropriate action to investigate or otherwise determine what occurred or, being deliberately indifferent thereto;

    b. Failing to take prompt and effective steps to end the sexual violence and prevent its reoccurrence; and

    c. Through other actions, inactions, and deliberate indifference.

91. As a direct and proximate result of Defendant Westminster's actions, inactions, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which she is entitled to be compensated for, including but not limited to:

    a. Past, present, and future pain and suffering both physical and mental;

    b. Past, present, and future psychological trauma and impairment;

    c. Medical bills and other expenditures for past, present, and future treatment related to the above mentioned injuries;

    d. Loss of enjoyment of life's pleasures and activities;

e.  Detrimental impact to her educational pursuits, affecting her test scores, her grades, her completion of classwork, and her ability to feel safe and secure on campus;

f.  And all other equitable relief that the Court deems fair and equitable.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant Westminster awarding:

a.  Damages in amounts to be established at trial, including, without limitation, reimbursement for Plaintiff's tuition and related expenses; payment of Plaintiff's expenses incurred as a consequence of the sexual assaults; damage for deprivation of equal access to educational benefits and opportunities provided by Defendant Westminster; and damages for past, present and future emotional pain and suffering, ongoing mental anguish, loss of past, present, and future enjoyment of life;

b.  Pre- and post-judgment interest;

c.  Costs;

d.  Attorneys' fees pursuant to 42 U.S.C. § 1988(b); and

e.  Such other relief as the Court may deem just and proper.

<u>**COUNT II**</u>
<u>**NEGLIGENCE**</u>
<u>**PLAINTIFF JANE DOE V. DEFENDANTS**</u>

92.  Plaintiff re-alleges and incorporates the allegations set forth above in Paragraphs 1-89 as though fully set forth herein.

93.  Defendant Lassiter knew of the wrongful conduct of John Doe and/or his propensities to act in dangerous, reckless, offensive and/or harmful manner in fall 2018 when Devon Cheplic and Brian Hardy reported it to him.

94. Defendant Lassiter knew of the wrongful conduct of John Doe and/or his propensities to act in dangerous, reckless, offensive and/or harmful manner on or about September 24, 2019, after Plaintiff reported her sexual assault.

95. Upon learning of these sexual assaults, Defendant Lassiter should have immediately begun an investigation as well as put reasonable safeguards in place to protect Plaintiff Jane Doe and other students on campus.

96. Defendant Lassiter failed to supervise, investigate, and reprimand John Doe and failed to take reasonable steps to ensure Plaintiff could safely continue her education at Defendant Westminster.

97. Defendant Lassiter also failed to ensure that throughout the process Plaintiff was not further traumatized and re-victimized.

98. As a direct and proximate result of said negligence, Plaintiff incurred the following damages described herein.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFF JANE DOE V. DEFENDANTS

99. Plaintiff re-alleges and incorporates the allegations set forth above in Paragraphs 1-96 as though fully set forth herein.

100. Defendants Westminster and Lassiter owed Plaintiff Jane Doe a fiduciary duty as her educators.

101. The acts and omissions of Defendants Westminster and Lassiter, in their respective individual capacities and/or by and through their agents and/or employees, were negligent in that Defendants placed Plaintiff in physical danger by failing to properly respond to the sexual assault allegations in 2018, and again in 2019.

102. Had Defendants reacted appropriately to the sexual assault allegations against John Doe in 2018, Plaintiff would not have been sexually assaulted by John Doe in September 2019.

103. Had Defendants reacted appropriately to the sexual assault allegations against John Doe by Plaintiff in September 2019, Plaintiff would not have been sexually assaulted by John Doe in February 2020.

104. As a direct and proximate result of said negligence, Plaintiff incurred the following damages described herein.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, and SUPERVISION
## PLAINTIFF JANE DOE V. DEFENDANTS

105. Plaintiff re-alleges and incorporates the allegations set forth above in Paragraphs 1-102 as though fully set forth herein.

106. Based on the aforementioned facts and circumstances, Defendant Westminster had supervisory authority over Defendant Lassiter and other Defendant Westminster employees and/or agents.

107. Upon information and belief, Defendant Lassiter did not have the requisite credentials and training to perform the job of Title IX Coordinator and that his continued employment by Defendant Westminster as Title IX Coordinator resulted in negligent hiring, training and supervision.

108. Based on the aforementioned facts and circumstances, Defendant Lassiter and other Defendant Westminster employees and/or agents failed to comply with the policies and procedures required of Title IX as well as other Defendant Westminster policies and procedures relating to sexual misconduct, assault, and harassment.

109. As a direct and proximate result of said negligence, Plaintiff incurred the following damages described herein.

**COUNT V**
**BREACH OF CONTRACT**
**PLAINTIFF JANE DOE V. DEFENDANT WESTMINSTER**

110. Plaintiff re-alleges and incorporates the allegations set forth above in Paragraphs 1-107 as though fully set forth herein.

111. Based on the aforementioned facts and circumstances, Defendant Westminster breached express and/or implied agreement(s) with Plaintiff.

112. Defendant Westminster's acceptance of Plaintiff into a degree program at Defendant Westminster and her subsequent enrollment and payment of tuition fees created an express contract or, alternatively, a contract implied at law or in fact between Defendant and Plaintiff, governed by, *inter alia*, 2019-202 Sexual Misconduct Policy for Westminster College, and the parties' reasonable expectations.

113. The contract formed between Defendant Westminster and Plaintiff contained the following provisions, among others, that expressly prohibits sexual discrimination and misconduct on campus: "The College prohibits all forms of sexual discrimination, including sexual misconduct. The College is committed to addressing sexual misconduct in a manner consistent with applicable law."

114. The contract formed between Defendant Westminster and Plaintiff also contained the following provision regarding investigation of sexual assault allegations:

> "…it is the policy of the College that designated staff members take immediate and appropriate steps to investigate or otherwise determine what happened when the College knows or reasonably should know of possible sexual misconduct. When sexual misconduct is determined to have occurred, the College shall take prompt and effective steps reasonably calculated to end the sexual misconduct, eliminate the hostile environment, prevent its reoccurrence…"

115. Under the Grievance/Adjudication Procedures, Defendant Westminster commits to "Provide assurance that the College will take steps to prevent recurrence of any sexual misconduct and remedy discriminatory effects on the complainant and others…"

116. The contract formed between Defendant Westminster and Plaintiff also contained the following provision,

> "The College shall take prompt steps to protect the complainant once the College has notice of sexual misconduct. The College shall take interim measures, including academic accommodations, to protect the complainant and witnesses as necessary while any criminal campus investigation is underway and before the final outcome of any investigation. College officials should be mindful that sexual misconduct can result in delayed decision-making by a student who has experienced sexual misconduct."

117. Plaintiff asserts that Defendant Westminster, among other things, breached these guarantees in failing to take immediate action after the 2018 sexual assault allegations against John Doe.

118. Plaintiff asserts that Defendant Westminster breached these guarantees in failing to reasonably respond to her complaints of sexual assault in September 2019 and allowing it to continue further, creating a hostile environment directly in contradiction to the school's various policies.

119. As set forth above, Defendant Westminster materially breached these guarantees of providing an environment free from sex-based discrimination and other contractual provisions explained above.

120. As a result of Defendant Westminster's breach of contract with Plaintiff, Plaintiff suffered damages in the result of the amount of money spent to attend Westminster College and any incidental damages related to her injuries as a result of the sex-based discrimination.

## COMPENSATORY DAMAGES

121. Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

122. As a direct and proximate result of Defendants' conduct as described above, Plaintiff Jane Doe has incurred and may incur medical and/or counseling expenses, suffered severe, permanent

emotional distress, loss of educational opportunities, and will continue to incur such expenses and emotional injuries in the future, which exceeds the jurisdictional minimum of this Court.

123. As a direct and proximate result of the conduct of the Defendants as set forth herein above, the Plaintiff has incurred a loss of wages and will incur future lost wages due to her inability to pass her NCLEX tests due to her psychological trauma, which exceeds the jurisdictional minimum of this court.

124. As a direct and proximate result of the conduct of the Defendants as set forth herein, the Plaintiff has incurred and will continue to incur expenses for psychological treatment and care, which exceeds the jurisdictional minimum of this court.

## PUNITIVE DAMAGES

125. Plaintiff incorporates herein by reference each of the foregoing paragraphs as if fully copied and set forth below and further states:

126. Defendants acted with reckless indifference in relation to the Plaintiff

127. By acting with reckless indifference to Plaintiff, Defendants have caused irreparable harm for which punitive damages are appropriate.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jane Doe seeks a judgment against Defendant Westminster and Defendant Lassiter, jointly and severally, in an amount to be determined by a jury for:

    A. A monetary judgment against Defendants in an amount that will fully compensate Plaintiff for her injuries and damages;

    B. A judgement of appropriate punitive damages against Defendants in an amount sufficient to punish the Defendants for their grossly negligent conduct;

C. Her costs herein expended including reasonably attorney's fees pursuant to 42 U.S.C. 1988(b);

D. An aware of post-judgment interest in the amount allowed by statute;

E. Trial by jury of all issues;

F. Her emotional distress, past, present, and future;

G. Past, present, and future medical expenses;

H. Her pain and suffering; and

I. Past, present, and future wage loss.

WHEREFORE, Plaintiff Jane Doe demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages, her costs expended herein, including attorneys' fees, trial by jury on all issues, and any and all further legal and equitable relief to which she may be entitled.

Respectfully submitted,

**SCHMIDT KRAMER PC**

By: _____
Abbie C. Trone
ID # 317083
209 State Street
Harrisburg, PA 17101
717-232-6300
Attorney for Plaintiff(s)

Date: 01/14/2022