# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JANE DOE | ) | No: | 2:22-cv-00075 |
| | ) | | |
| Plaintiff, | ) | CIVIL ACTION | |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| WESTMINSTER COLLEGE, and | ) | | |
| CARLLOS LASSITER | ) | | |
| | ) | | |
| Defendant. | ) | JURY TRIAL DEMANDED | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM AND/OR FOR PROTECTION ORDER

And now comes Plaintiff Jane Doe, by and through counsel, to move the Court for an order maintaining her anonymity throughout the duration of this matter. This request is limited to allowing Plaintiff's identity to be protected from public disclosure. She is not requesting to proceed anonymously as to Defendants. For the reasons stated below, the Court should permit Plaintiff to continue her lawsuit under a pseudonym.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff Jane Doe brings claims under Title IX, Common Law Negligence, Negligent Infliction of Emotional Distress, Negligent Hiring, Training, and Supervision, and Breach of Contract against all Defendants. Jane Doe fears stigmatization by the public, friends and business associates and has a substantial fear of increased humiliation, embarrassment, and emotional distress if her identify is made public. If her identity and status as a rape victim were disclosed to the public, it would cause severe stress, anxiety, depression, and compound her already existing serious emotional distress due to the rapes.

Both Defendants are aware of the true identity of Jane Doe. Allowing her to proceed under pseudonym will in no way deprive them of notice of this claim or prejudice them in any way in defending against these claims. The public will also not be deprived, as they can still follow the public proceedings.

This matter was originally filed in the Western District of Pennsylvania on January 14, 2021. To date, no scheduling conference has occurred in the case and there are no definite deadlines.

## II. LEGAL STANDARD

There is a presumption that judicial proceedings be open to the public. For example, Fed. R. Civ. P. 10(a) requires that "[the title of the complaint…name all parties." However, the presumption of openness must be weighed against a party's privacy interest in certain situations. *Doe v. Porter*, 370 F. 3d 558, 560 (6th Cir. 2004). "Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." Id. Criteria that favor a litigant's request to proceed anonymously include:

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

*See Doe v. Meglass*, 654 F.3d 404, 409 (3rd Cir. 2011)(quoting *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa. 1997).

The factors that weigh against a litigant's request for anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3)

whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Id.

Considering the public's interest in open court proceedings, courts have found that there is "an independent duty to determine whether 'exceptional circumstances' warrant a departure from the normal method of proceeding in federal litigation." *Freedom from Religion Foundation, Inc. v. New Kensington-Arnold School Dist.*, 2012 WL 6629643 at *3 (W.D. Pa. Dec. 19, 2012).

### III. ARGUMENT

Plaintiff Jane Doe filed this matter anonymously. As a victim of sexual abuse, she has a well-recognized interest to protect her identity from public disclosure. *See, e,g., Plaintiff B v. Francis*, 631 F.3d 1310, 1315-18 (11th Cir. 2011); *Bloch v. Ribar*, 156 F.3d 673, 683-86 (6th Cir. 1998); *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997). This is true regardless of the requirement of Fed. R. Civ. P. 10(a). Further, the factors set forth above are satisfied in the present case.

First, Plaintiff Jane Doe has taken steps to keep her identity confidential. She has not informed anyone other than individuals employed at the police station, her immediate family and close friends, her representative at Pennsylvania Coalition Against Rape who represented her in the college's Title IX hearing, and the Defendants to this action. Therefore, Plaintiff has taken steps to keep her identity confidential. *See Doe v. Evans*, 202 F.R.D. 173, 179 (E.D. Pa. 2001).

Second, Plaintiff Jane Doe's fear of disclosure of her identity is justifiable. She was raped two times by the same perpetrator. She holds a legitimate fear of increased embarrassment, humiliation, and stigmatization by the public. Also, disclosure of her identity will compound the severe emotional damages already caused by the repeated rapes. Therefore, Plaintiff Jane Doe's fears are well founded. Id.

Third, there is a strong public interest in maintaining the confidentiality of victims of sex crimes. Id. Denying Plaintiff Jane Doe the ability to proceed under pseudonym sends a message to other victims of sex crimes that their identity will become public knowledge after already being victimized by their assailant. This, in turn, could prevent additional sex crime victims from reporting their crimes and initiating litigation.

Fourth, the public will have access to all the underlying facts of Plaintiff Jane Doe's claim. Consequently, there is an atypically weak public interest in knowing her identity. The public can access the facts, the claims, and the resolution of the case without knowing her true identity. Additionally, the public's interest is not focused on the identity of Plaintiff Jane Doe, but on the legal issues at the core of this case. Id.

Fifth, if this Court rules that Plaintiff Jane Doe will not be able to proceed under pseudonym, Plaintiff will be unable to continue with this litigation as she has a legitimate and substantial fear of further emotional distress, embarrassment, and public humiliation.

Sixth, Plaintiff has no ulterior motives in wishing to proceed under a pseudonym. Her identity is already well known to the Defendants.

The first factor considered by the Third Circuit in disfavoring the use of a pseudonym considers the level of public interest in access to the identities of the litigants. While there is a level of public interest in access to the identities of the litigants, subjecting Plaintiff Jane Doe to the public eye will only serve to amplify her emotional distress, humiliation, and embarrassment. Further, the public can keep track of this case by accessing the docket at any time.

Second, there are no public figures involved in this litigation.

Third, it is unknown by Plaintiff what Defendants' motivation is for having her pursue this litigation under her given name.

## IV. CONCLUSION

Therefore, in weighing all of the factors set out above, Plaintiff has offered ample valid reasons for her request to proceed under pseudonym. For reasons stated herein, and particularly due to the embarrassment and humiliation she will endure without the Court's protection, Plaintiff Jane Doe requests that she be allowed to proceed with a pseudonym throughout the duration of this lawsuit. Accordingly, she asks the Court to enter the attached proposed order.

Respectfully submitted,

**SCHMIDT KRAMER PC**

By: _____
Abbie C. Trone
ID # 317083
209 State Street
Harrisburg, PA 17101
717-232-6300

Date:  01/14/2022                                          Attorney for Plaintiff(s)