IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>WESTMINSTER COLLEGE, CARLLOS LASSITER,<br><br>   Defendants. | 2:22-CV-00075-CCW |

**ORDER ON PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND/OR FOR PROTECTION ORDER**

Before the Court is Plaintiff's Motion to Proceed Under Pseudonym and/or for Protection Order, *see* ECF No. 2, which Defendants do not oppose, *see* ECF No. 16.

In exceptional cases, courts have allowed a party to proceed anonymously, when a plaintiff shows "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)).

The Court first considers the six *Megless* factors in favor of anonymity. First, Plaintiff has alleged that she has taken steps to keep her identity confidential and has only disclosed her identity to "individuals employed at the police station, her immediate family and close friends, her representative at Pennsylvania Coalition Against Rape who represented her in the college's Title IX hearing, and the Defendants to this action." ECF No. 3 at 3. Second, Plaintiff alleges a fear of severe harm if her identity is disclosed as that would compound the emotional damages caused by

1

her being raped two times by the same perpetrator.  Third, "there is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs." *Doe v. Rutgers*, No. 2:18-cv-12952-KM-CLW, 2019 U.S. Dist. LEXIS 75139, at *9 (D.N.J. Apr. 30, 2019).  The fourth factor analyzes whether there "is an atypically weak public interest in knowing the litigant's identit[y]." *Megless*, 654 F.3d at 409.  Given that the Complaint reflects all of the alleged facts except Plaintiff's identity, the Court finds that "[plaintiff's] use of a pseudonym will not interfere with the public's right or ability to follow the proceedings." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997).  Fifth, plaintiff alleges that she "will be unable to continue with this litigation as she has a legitimate and substantial fear of further emotional distress, embarrassment, and public humiliation" if the Court does not grant her motion.  ECF No. 3 at 4;  *cf. Doe v. Rutgers*, 2019 U.S. Dist. LEXIS 75139, at *10. ("Plaintiff represents that she will pursue this action even if the Court requires her to disclose her identity.").  Sixth, there is no indication that Plaintiff has any illegitimate ulterior motives and has already disclosed her identity to Defendants.

The Court now turns to the three *Megless* factors to consider that disfavor proceeding anonymously.  First, there is a "universal interest in favor of open judicial proceedings." *Megless*, 654 F. 3d at 411;  *see* Fed. R. Civ. P. 10(a).  However, Plaintiff is not a public figure and the Court discerns no particularly strong interest in knowing Plaintiff's identity beyond the normal level of public interest.  Finally, Defendants do not oppose that Plaintiff proceeds by pseudonym, *see* ECF 16, and the Court is not aware of any opposition by the public or the press.

The Court concludes that the factors in favor of anonymity outweigh those against anonymity and that allowing "Plaintiff to proceed as Jane Doe while preserving the public's right

to access the docket and proceedings in this case strikes the appropriate balance between these competing interests." *Doe v. Rutgers*, 2019 U.S. Dist. LEXIS 75139, at *12.

For the foregoing reasons and in light of Defendants' non-opposition, Plaintiff's Motion is HEREBY GRANTED.

IT IS HEREBY ORDERED as follows:

1. Plaintiff shall proceed in pseudonym and the docket shall continue to reflect Plaintiff's name as Jane Doe;
2. Plaintiff shall be referred to by her pseudonym in all depositions, pleadings and other documents related to this litigation and in all proceedings held before this Court;
3. Plaintiff's identity shall be available to the attorneys of record and in-house counsel for the Defendants, who shall not disclose or permit disclosure thereof, except to their law partners, associates and persons employed in the law offices of such attorneys;
4. Each person whom Plaintiff's identity is disclosed pursuant to this Order shall agree in advance that he or she will not disclose Plaintiff's identity to any other person; and
5. Prior to disclosure of Plaintiff's name to experts, they will agree to abide by the terms of this Order.

IT IS FURTHER ORDERED that in the event Defendants believe it is necessary in the defense of the claims for it to disclose Plaintiff's identity to persons other than those specified in this Order, Defendants shall communicate with Plaintiff's counsel and if agreement cannot be reached in writing, the matter shall be determined by the Court.

DATED this 14th day of February, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record