IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANE DOE,

        Plaintiff,

v.

                                    Case No. 2:22-CV-00075-CCW

WESTMINSTER COLLEGE and CARLLOS LASSITER,

        Defendants.

**JOINT CONFIDENTIALITY STIPULATION AND AGREED PROTECTIVE ORDER**

WHEREAS, the parties to the above-captioned action, intending to be legally bound and, and for good cause shown, have stipulated to the entry of this Confidentiality Stipulation and Protective Order;

WHEREAS, discovery in this case, including Interrogatories, Requests for Admissions, Requests for Production of Documents and Things, and Subpoenas, may require the disclosure of (1) personnel-related documents and information; (2) educational records as defined by 34 CFR §99.3; (3) other confidential documents and information such as medical records; and (4) proprietary business-related documents and information;

WHEREAS, Westminster College is generally obligated to keep educational records confidential under the Family Educational Rights and Privacy Act ("FERPA");

WHEREAS, such information should be given the protection of an Order of this Court to prevent injury to or an invasion of the confidential and private property of the parties, non-parties, and witnesses by reason of any disclosure; and

WHEREAS, the Court agrees that this Protective Order is appropriate and advisable,

14814520

IT IS HEREBY ORDERED that the following provisions shall govern the disclosure, dissemination, and use of Confidential Information, as defined below.

1. This Order shall be applicable to and shall govern the production and exchange of all documents, pleadings, answers to interrogatories, depositions, responses to requests for admissions, exhibits, and all other discovery taken pursuant to the Federal Rules of Civil Procedure and all other information exchanged or furnished in this action by the parties to this action, including the informal exchange of documents and information by and between the parties.

2. Those items that are considered to be Confidential Information and subject to the terms of this Order may include, but are not limited to, (1) personnel-related documents and information; (2) third party financial/accounting-related documents; (3) business-related documents and information; (4) all complaints naming John Doe of any kind, including Title IX complaints; (5) John Doe's educational records with Westminster College, including his dorm room assignments, residential life records, residential life complaints, and academic suspension(s); (6) the Clery Reports for Westminster College from 2016 through present; (7) the audio and/or visual recordings and written notes for all interviews in connection with any investigation regarding John Doe; (8) any and all e-mails and written correspondence to or from Carllos Lassiter regarding any complaint or report involving John Doe from 2016 through the present; (9) any and all electronic and written notes of Carllos Lassiter or any Westminster College employee, contractor, or consultant from 2016 through the present; (10) educational records as defined by 34 CFR §99.3; (11) other confidential documents and information such as medical records; and (12) any other document or piece of information that a party deems to be confidential, proprietary or otherwise subject to limited disclosure.

14814520

3. Confidential Information shall be used by any receiving party only for purposes of conducting this litigation, including appeals, and not for any business, commercial, or any other purpose whatsoever. Except with the prior written consent of the producing party or upon prior order of this Court, Confidential Information may be disclosed only to the following persons:

(a) A party in this litigation, including the party's officers, directors, counsel, insurance adjusters and/or related personnel, and management/supervisory employees;

(b) The parties' counsel, including their respective paralegals, law clerks, stenographic, and clerical employees who are assisting in the prosecution, defense, and/or appeal of this action, including court reporters whose services are used in connection with this action and other persons working for such reporters;

(c) Independent experts or consultants of a receiving party to the extent necessary to assist in preparation of this litigation and provided the expert or consultant first agrees to be bound by and executes an affidavit or declaration in the form attached hereto as Exhibit "A";

(d) Deponents during the course of their depositions; and

(e) The Court, persons employed by or acting on behalf of the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom.

4. Designation of material as Confidential Information shall be accomplished in the following manner:

(a) The designation as to documents (including documents or other information produced in electronic format) or other tangible things shall be made by prominently marking each page of the document in which the Confidential Information appears (or the initial

screen in electronic format or labeling the outside of a computer disk in accordance with the remainder of this paragraph), and in a prominent place on each tangible thing that the producing party wishes to designate as confidential, with the legend "CONFIDENTIAL." All documents and tangible things so designated shall be both marked and numbered by the producing party prior to the transmittal of a physical copy thereof to the receiving party.

(b) Testimony or information disclosed at a deposition may be designated as Confidential Information by indicating on the record at the deposition the specific testimony that contains Confidential Information that is to be made subject to the provisions of this Order. A party may also designate by page and line number deposition testimony as Confidential Information by advising the other parties in writing, within 30 business days of receiving the deposition transcript of the specific testimony that contains the Confidential Information, and such testimony shall be treated as Confidential Information from the date the written notice is received, subject to modification or challenge as provided for in this Order. If the deponent submits an Errata Sheet after the 30 day period, then the parties are permitted to designate those parts of the deposition as Confidential Information by advising the other parties in writing, within 30 business days of receiving the Errata Sheet.

(c) Confidential Information contained in responses to interrogatories or other discovery requests, or responses, affidavits, briefs, memoranda, or other papers filed with the Court in this action may be designated as Confidential Information by prominently marking the pages bearing such material as "CONFIDENTIAL."

5. In the event that any party to this litigation disagrees at any stage of this litigation with a designation of Confidential Information such party shall provide to the producing party written notice of its disagreement with the designation and the basis therefore. The parties shall

meet and confer in an effort to resolve such dispute in good faith on an informal basis. If the parties cannot resolve the dispute, the producing party may request appropriate relief from the Court following the termination of good faith negotiations. The producing party shall have the burden of demonstrating that the information is properly designated, but no memorandum of law shall be required. The information at issue shall be treated as Confidential Information and subject to the terms of this Order until further order of the Court.

6. A party shall not be obligated to challenge the propriety of any Confidential Information designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto or constitute an admission that such designation was proper.

7. If a receiving party has a need to disclose Confidential Information to persons other than those designated under the terms of this Order to prosecute, defend, and/or appeal this litigation, the receiving party may seek the consent of the producing party with respect to each person the receiving party reasonably believes such disclosure is required. If consent is not provided, the receiving party may apply to the Court for a ruling permitting the requested disclosure.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information consents in writing to such disclosure, or if the Court, after notice to the parties, orders or permits such disclosure.

9. Within 90 days after the final determination of this litigation, including any appeals or settlements, unless otherwise agreed to in writing by counsel for the producing party, each receiving party shall assemble and return to the producing party all material designated by the producing party as Confidential Information. Alternatively, at the option of the receiving party, the receiving party shall destroy such material, provided that a certificate of destruction is

supplied to the producing party. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

10. This Order shall remain in full force and effect until modified, superseded, or terminated by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this case, or by an order of the Court.

11. The parties agree to be bound by the terms of this Order pending its entry by the Court or pending the entry of an alternative thereto that is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order has been entered into by the Court.

12. The inadvertent or unintentional disclosure by the producing party of Confidential Information, without the appropriate designation, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. In the event that material considered by the producing party to be confidential is inadvertently produced without having been designated as Confidential Information, such information may be designated as Confidential Information by the producing party by sending written notice of the confidential nature of the material to the receiving party as soon as reasonably possible after the producing party becomes aware of the inadvertent disclosure. The information shall thereafter be treated as Confidential Information by the receiving party consistent with and subject to the terms of this Order.

13. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

14. Nothing in this Order shall restrict in any manner the use by any party of its own documents or materials.

14814520

15. This Order shall not preclude the use or disclosure of any Confidential Information during the trial of this action, subject to the right of any party to seek a further order governing use of Confidential Information.

16. The purpose of this Order is to expedite the production of documents without resort to a court proceeding for an appropriate protective order; however, the provisions hereof shall not limit or be deemed to waive the right of any party to seek relief from or greater protection than any of the provisions herein.

17. This Order may be modified only by written agreement of the parties or further Order of Court.

18. This Order may be executed in counterpart, and may be exchanged between the parties by means of telefax and/or other electronic means, prior to presentation of the Order to the Court for its execution.

19. The undersigned counsel represent that they have authority to execute this Order on behalf of their respective clients.

WHEREFORE, the parties hereto agree to be bound by the terms of this Order.

Dated: June 23, 2022

By: /s/ _____
Abbie C. Trone, Esquire
Schmidt Kramer, PC
*Counsel for Plaintiff*

Dated: June 23, 2022

By: /s/ _____
Marcia L. DePaula
Steptoe & Johnson PLLC
*Counsel for Defendants*

APPROVED AND SO ORDERED BY THE COURT:

Dated: __6/24/2022__          __/s/ Christy Criswell Wiegand__
                                    Hon. Christy Criswell Wiegand

14814520